UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DALILA AGIZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-25-CV-556-FB (HJB) |
| | § | |
| BEXAR COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the status of the above case, which was automatically referred to the undersigned for disposition of the application to proceed *in forma pauperis* ("IFP") and screening under 28 U.S.C. § 1915(e), pursuant to this Division's October 8, 2019, Standing Order.[1]  For the reasons that follow, I recommend that Plaintiff's complaint be **DISMISSED IN PART**, and that she be ordered to amend her complaint once more to remove all but the claim for which dismissal is not recommended.

I.      **Jurisdiction.**

Plaintiff's complaint purports to allege civil rights violations under 42 U.S.C. § 1983.  (*See* Docket Entry 4, at 1–2.)  The Court exercises jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1343.  The undersigned has the authority to issue this Report and Recommendation pursuant to 28 U.S.C. 636(b).

---

[1] The 2019 standing order has since been superseded by a substantially identical divisional standing order, available at https://perma.cc/8ASX-URDC.

II.     **Background.**

Proceeding *pro se*, Plaintiff filed an application to proceed IFP in this Court, along with a complaint presenting 42 U.S.C. § 1983 civil rights claims against Bexar County, a county judge, and the county clerk's office staff, arising from an eviction case and a consumer-debt case in state court. (Docket Entry 4, at 3–6, 8–10.) Plaintiff also listed as Defendants private attorneys and a company called LVNV Funding, LLC which apparently was the opposing party in one of the two state cases. (*See id.* at 5.)

The undersigned granted Plaintiff's IFP application and issued an Order requiring her to show cause why her case should not be dismissed for failure to allege a plausible civil rights claim. (*See* Docket Entry 3.) As the Order explained, none of her claims could proceed without further information. (*Id.* at 1.) With regard to Plaintiff's § 1983 claims against the county judge, judges enjoy absolute immunity for acts performed in their judicial capacities. *Sup. Ct. of Va. v. Consumers Union of the U.S., Inc*., 446 U.S. 719, 734–35 (1980); *see also Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts."). As the Order explained, such immunity applies even when the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (citation omitted), and is immunity from suit, not just liability, barring both federal and state claims brought against judges in their individual capacities. *Thomas v. State of Tex.*, 294 F. Supp. 3d 576, 601 (N.D. Tex. 2018), *report and recommendation adopted*, 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018), *appeal dismissed*, 18-10448, 2018 WL 4943750 (5th Cir. Sept. 12, 2018).

With regard to claims against the county clerk's office staff, they are entitled to "quasi-judicial immunity," which "protects government officials who perform functions that require them

to act in accordance with a judge's direct orders." *Santoro v. Cnty. of Collin, Tex.*, No. 4:18-CV-660-ALM-CAN, 2019 WL 5692190, at *7 (E.D. Tex. Aug. 16, 2019), *report and recommendation adopted*, No. 4:18-CV-660, 2019 WL 4686361 (E.D. Tex. Sept. 26, 2019).  Thus, court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)).  Such immunity appeared to preclude all of Plaintiff's claims against the county clerk's office staff.

With regard to the private attorneys named in Plaintiff's complaint, "[t]he law is clear that a private attorney who merely represents a client in a civil proceeding . . . does not act under the color of state law" for purposes of § 1983 liability.  *Dolenz v. Akin*, No. 3:95-CV-1605-P, 1997 WL 21388, at *3 (N.D. Tex. Jan. 14, 1997) (collecting cases), *aff'd*, 129 F.3d 612 (5th Cir. 1997).  Accordingly, "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).  And while "private persons, jointly engaged with state officials" may act "under color" of state law for purposes of § 1983, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge." *Dennis v. Sparks,* 449 U.S. 24, 28 (1980).

Finally with regard to LVNV Funding, LLC, and counsel purportedly representing it, Plaintiff failed to mention them at all in discussing her civil rights claims.  (*See* Docket Entry 8–10.)  Accordingly, even if these private actors were somehow subject to § 1983 liability,  Plaintiff failed to plausibly allege any such claims against them.

As a *pro se* party, Plaintiff was afforded an opportunity to amend her complaint to address the deficiencies listed above.  (*See* Docket  Entry 3, at 4 (citing *Neitzke v. Williams*, 490 U.S. 319,

3

329 (1989)).)  Plaintiff responded to the Show Cause Order on June 18, 202, reasserting former claims and adding new parties and causes of action.  (Docket Entry 9.)

## III.    Discussion.

In IFP cases like this one, § 1915 requires that the Court "dismiss the case at any time" if it determines that it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  To state a claim upon which relief may be granted, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible only "when the pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must also plainly show the basis for the Court's jurisdiction, because federal courts possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also* FED. R. CIV. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

In screening IFP complaints under § 1915(e)(2)(B)(ii), the Court "accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff." *Mackey v. Helfrich*, 442 F. App'x 948, 949 (5th Cir. Sept. 30, 2011).  *Pro se* complaints are entitled to a liberal construction and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).  But even under these lenient standards, a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Liberally construing Plaintiff's Response to Order to Show Cause (Docket Entry 9) as an amended complaint that includes both reasserted and new causes of action as well as new parties, Plaintiff still fails to plead a plausible claim for relief as to any of the grounds previously alleged. Plaintiff also fails to plausibly allege several new causes of action; however she has plausibly alleged one new claim, which appears to have arisen after she filed her original complaint.

With regard to Plaintiff's original § 1983 claims against Bexar County, a county judge, the county clerk's office staff, private attorneys, and LVNV Funding, LLC, Plaintiff has failed to plausibly allege any basis for overcoming the immunity defenses identified by the Show Cause Order, and has alleged only conclusory statements as to the civil rights liability of the private parties. (*See* Docket Entry 9, at 3–8, 10–17.)  And while Plaintiff purports to add claims to her complaint for violations of the Americans with Disabilities Act, the Fair Housing Act, and the Racketeer Influenced and Corrupt Organizations Act (*see id* at 2), she offers only conclusory statements to support these claims.  Accordingly, these claims should be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

However, Plaintiff adds one claim against a new party—and against pre-existing Defendant Attorney Alex Perez—which should be allowed to proceed at this time.  In section II(H), Plaintiff alleges that, on May 30, 2025,  a Bexar County Precinct I Constable, whose badge number was 1114, entered her property with other officers and Attorney Perez, and allowed Perez to seize certain items of personal property without authority, including an emotional support horse named Beautie.  (Docket Entry 9, at 9.)  Plaintiff alleges that the seizures were unconstitutional under the Fourth And Fourteenth Amendments, for which the Constable, the other officers, and Attorney Alec Perez are liable under § 1983.  (*Id.* at 10.)  Liberally construing these allegations, Plaintiff has presented a plausible claim against these Defendants (subject, of course, to any defenses they

5

may raise).  *Cf. Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 61 (1992) (holding that "seizure" of property within meaning of Fourth Amendment occurs when "there is some meaningful interference with an individual's possessory interests in that property") (citation omitted); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) (holding that joint participation with state officials in seizure of disputed property may suffice to characterize private party as "state actor" for purposes of Fourteenth Amendment); *Degenhardt v. Bintliff*, 117 F.4th 747, 756–57 (5th Cir. 2024) (discussing officer liability in § 1983 action alleging, *inter alia*, unlawful seizure of property).  Accordingly, Plaintiff should be ordered to amend her complaint one more time remove all but this new § 1983 claim against the Constable whose badge number is 1114, the accompanying deputies, and Alec Perez to the limited extent of his alleged role in the seizure of property from Plaintiff's home on May 30, 2025.

## IV.    Conclusion and Recommendation.

For the foregoing reasons, I recommend that Plaintiff's Complaint be **DISMISSED IN PART**, and that Plaintiff be ordered to amend her complaint to remove all of her claims except for her new § 1983 claim against the Bexar County Precinct 1 Constable with badge number 1114, the other county officers who allegedly assisted him or her, and Attorney Alex Perez for unlawful seizure of her property on May 30, 2025.  Plaintiff's amended pleading should be limited to 20 pages, including attachments.  The remainder of Plaintiff's claims should be dismissed pursuant to § 1915(e)(2)(B)(ii).

## V.    Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified

Case 5:25-cv-00556-FB-HJB    Document 10    Filed 07/10/25    Page 7 of 7

mail, return receipt requested.  Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on July 10, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge

7