IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DALILA AGIZA, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| V. § | CIVIL ACTION NO. SA-25-cv-00556-FB (HJB) |
| § | |
| BEXAR COUNTY, ET AL., § | |
| § | |
| *Defendants*. § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge (docket no. 10) recommending that Plaintiff's complaint be dismissed in part and ordering Plaintiff to amend her complaint once more to remove all but the claim for which dismissal is not recommended, along with Plaintiff's written objections (docket no. 16) and supplemental objections (docket no. 22) thereto.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law.  *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court.  Such a review means that the Court will examine the entire record, and will make an independent assessment of the law.  The Court need not, however, conduct a de novo review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Plaintiff's submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit.

Proceeding *pro se*, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this Court, along with a complaint presenting 42 U.S.C. § 1983 civil rights claims against Bexar County, a county judge, and the county clerk's office staff, arising from an eviction case and a consumer-debt case in state court. (Docket no. 4, at 3–6, 8–10). Plaintiff also listed as Defendants private attorneys and a company called LVNV Funding, LLC, which apparently was the opposing party in one of the two state cases. (*See id.* at 5).

The case was automatically referred to United States Magistrate Judge Henry J. Bemporad for disposition of the application to proceed IFP and screening under 28 U.S.C. § 1915(e) pursuant to this Division's October 8, 2018, Standing Order.

Magistrate Judge Bemporad granted Plaintiff's IFP application and issued an order requiring her to show cause why her case should not be dismissed for failure to allege a plausible civil rights claim. (Docket No. 3). Plaintiff responded to the Show Cause Order by reasserting her former claims and adding new parties and causes of action. (Docket no. 9).

Liberally construing Plaintiff's response to the Order to Show Cause as an amended complaint that includes both reasserted and new causes of action as well as new parties, Magistrate Judge Bemporad found: (1) Plaintiff still fails to plead a plausible claim for relief as to any of the grounds

previously alleged; (2) Plaintiff fails to plausibly allege several new causes of action; and (3) Plaintiff has plausibly alleged one new claim, which appears to have arisen after she filed her original complaint. (Docket no. 10 at page 5). His report therefore recommends that Plaintiff's complaint be dismissed in part and that Plaintiff be ordered to amend her complaint to remove all of her claims except for her new § 1983 claim against the Bexar County Precinct 1 Constable with badge number 1114, the other county officers who allegedly assisted him or her, and Attorney Alex Perez for unlawful seizure of her property on May 30, 2025. (*Id.* at page 10). Plaintiff objects to the dismissal of any of her claims.

  For the reasons stated in the Report and Recommendation, this Court agrees with Magistrate Judge Bemporad that Plaintiff fails to plead a plausible claim for relief as to any of the grounds previously alleged, and Plaintiff also fails to plausibly allege several new causes of action. With regard to Plaintiff's original 42 U.S.C. § 1983 claims against Bexar County, a county judge, the county clerk's office staff, private attorneys, and LVNV Funding, LLC, Plaintiff has failed to plausibly allege any basis for overcoming the immunity defenses identified by Magistrate Judge Bemporad's Show Cause Order. (*See* docket no. 10; docket no. 9, at 3–8, 10–17). She has alleged only conclusory statements as to the civil rights liability of the private parties. (*Id.*) And, while Plaintiff purports to add claims to her complaint for violations of the Americans with Disabilities Act, the Fair Housing Act, and the Racketeer Influenced and Corrupt Organizations Act (*see* docket no. 9, at 2), she offers only conclusory statements to support these claims as well.

  IT IS THEREFORE ORDERED that the Report and Recommendation of the United States Magistrate Judge (docket no. 10) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's claims–with the exception of her new 42 U.S.C. § 1983 claim against the Bexar County Precinct 1 Constable with badge number 1114, the other county officers who allegedly assisted him or her, and

Attorney Alex Perez for unlawful seizure of her property on May 30, 2025–are dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This case continues to be referred to Magistrate Judge Bemporad for further pretrial proceedings.

It is so ORDERED.

SIGNED this 11th day of September, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE