IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DALILA AGIZA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-25-CV-00556-FB |
| | § | |
| BEXAR COUNTY, *et al*., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge (ECF No. 49), along with Plaintiff's written objections (ECF No. 54) thereto.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court.  Such a review means that the Court will examine the entire record, and will make an independent assessment of the law.  The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

In a prior Order, this Court dismissed all of Plaintiff's claims except one. (ECF No. 27). By way of the Report and Recommendation, Magistrate Judge Henry J. Bemporad recommends that Plaintiff's renewed motion to amend her complaint to reassert all her claims (ECF No. 46) be denied and that her one remaining claim be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). By way of her objections, Plaintiff contends she diligently prosecuted her case, she is a disabled vet and the Court should have accommodated her with more time, the Court delayed this case by refusing to order service on Defendants, and Magistrate Judge Bemporad's May 5, 2026, text order denying her Omnibus Motion to Vacate "is a bad faith attempt to hide the lower tribunal's actions from the Circuit Judges and isolate Plaintiff in a jurisdictional void." (ECF No. 54 generally & at 7).

The Court has thoroughly analyzed Plaintiff's submission in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit.

Proceeding *pro se*, Plaintiff filed an application to proceed in forma pauperis ("IFP") in this Court, along with a complaint presenting 42 U.S.C. § 1983 civil rights claims against a total of 26 Defendants, including Bexar County, a county judge, and the county clerk's office staff, arising from an eviction case and a consumer-debt case in state court. (ECF No. 4, at 3–6, 8-10). Plaintiff also listed as Defendants private attorneys, and a company called LVNV Funding, LLC, which apparently was the opposing party in one of the two state cases. (*See id.* at 5).

Judge Bemporad granted Plaintiff's IFP application, but ordered her to show cause why her case should not be dismissed for failure to state a plausible civil rights claim. (*See* ECF No. 3). As the Show Cause Order explained, none of Plaintiff's claims could proceed without further information. (*Id.* at

1.)  The Defendant judges appeared to have absolute judicial immunity from suit.  (*Id*. at 2–3) (collecting cases).) The court staff Defendants similarly appeared to have absolute quasi-judicial immunity.  (*Id*. at 2) (collecting cases).  And the private attorney Defendants did not appear to have acted under the color of state law for purposes of § 1983 liability.  (*Id*.) (collecting cases).  Finally, with regard to LVNV Funding, LLC, and counsel purportedly representing it, Plaintiff failed to explain her allegations against them in discussing any of her civil rights claims.  (*Id*. at 3).

As a *pro se* party, Plaintiff was entitled to an opportunity to amend her complaint to address these deficiencies.  (*Id*. at 4) (citing *Neitzke v. Williams*, 490 U.S. 319, 329 (1989)).  Accordingly, Judge Bemporad ordered Plaintiff to show cause by filing an amended complaint.  (*Id*.)  Plaintiff responded by reasserting her former claims and adding new parties and causes of action.  (ECF No. 9).

Judge Bemporad then issued a Report and Recommendation to this District Court, concluding that Plaintiff had still failed to plead a plausible claim for relief as to any of the grounds previously alleged.  (ECF No. 10).  However, Plaintiff had added one cause of action against one of the original parties, as well as several new ones, which Judge Bemporad found could present a plausible claim for relief if sufficiently bolstered by additional factual allegations.  In section II(H) of her response, Plaintiff alleged that, on May 30, 2025, Bexar County Precinct I Constable with badge number 1114 and accompanying deputies (the new Defendants) entered her property and allowed Attorney Alex Perez (an original Defendant) to make seizures without authority, including the seizure of Plaintiff's emotional support horse, Beautie.  (ECF No. 9, at 9).  Plaintiff alleged that the seizures were violations of her rights under the Fourth and Fourteenth Amendments, for which Defendants were liable under 42 § 1983.  (*Id*. at 10).  Liberally construing the allegations, Judge Bemporad found that Plaintiff may be able to present plausible claims against those specific Defendants.  (ECF No. 10, at 5–6) (collecting

cases).  Accordingly, Judge Bemporad undersigned recommended that Plaintiff be given another opportunity to amend her complaint, this time "to remove all but [her] new § 1983 claim against the Constable, . . . the accompanying deputies, and Alex Perez" arising from "the seizure of property from [her] home," and plead additional factual allegations to plausibly state that claim.  (*Id*. at 6).

Plaintiff objected to the Report and Recommendation (ECF No. 16), but this District Court overruled the objections and adopted the Report and Recommendation (ECF No. 17).

Plaintiff then filed a motion for reconsideration and supplemental objections.  (ECF Nos. 20, 22).  This Court granted reconsideration for the sole purpose of considering the supplemental objections, vacated the prior adoption of the Report and Recommendation, considered the supplemental objections, and then once again adopted the Report and Recommendation.  (ECF Nos. 26 & 27).  Plaintiff again sought reconsideration, which this Court denied.  (ECF Nos. 28, 33).

Meanwhile, Plaintiff proceeded to file an amended complaint which continued to name all the original 26 Defendants against which Plaintiff had twice failed to state a plausible claim for relief.  (ECF No. 23).  After this Court adopted the Report and Recommendation, Magistrate Judge Bemporad ordered Plaintiff to file a second amended complaint confined to the claims permitted by this Court's Order–*i.e.,* a single § 1983 claim based on property seizures against the Constable with badge number 1114, his deputies, and attorney Alex Perez–no later than October 17, 2025.  (ECF No. 29).  Instead of complying with the Order, Plaintiff filed a motion to perpetuate testimony under Federal Rule of Civil Procedure 27, which Judge Bemporad denied as inapplicable to this case.  (ECF Nos. 32, 38).  The Order denying the Rule 27 motion again reminded Plaintiff of her looming deadline to file an amended complaint.  (ECF No. 38, at 2).

Plaintiff did not comply, but instead sought to certify an interlocutory appeal. (ECF Nos. 35 & 40). On Judge Bemporad's recommendation, this Court denied the certification. (ECF Nos. 43 & 47).

More than a month after the deadline for amending her complaint has passed, Plaintiff again sought reconsideration of this Court's adoption of Magistrate Judge Bemporad's dismissal recommendation, and additionally sought leave to amend her complaint. (ECF No. 39). Judge Bemporad denied further reconsideration, but allowed Plaintiff to amend her complaint as previously ordered–*i.e.*, limited to a single § 1983 claim based on property seizures against the Constable, his deputies, and attorney Alex Perez–and extended the deadline once again, to February 4, 2026. (ECF No. 42, at 2).

Plaintiff again failed to comply with the Order. Instead, a month after her extended amendment deadline had passed, Plaintiff filed a notice that she had sought a writ of mandamus from the Fifth Circuit Court of Appeals. (ECF No. 45). Yet, although Plaintiff's purported interlocutory appeal is still pending (as appeal No. 25-50803), there appears to be no mandamus action before the Court of Appeals.

Approximately two weeks later, Plaintiff filed another motion to amend her complaint. (ECF No. 46). Like her previous proposed amendments, the proposed complaint was not limited as ordered by this Court, but instead reurged numerous claims that had already been dismissed. (ECF No. 46-1). The motion appeared to indicate that the complaint was necessitated by new "evidence of administrative fraud . . . involving the 4th Court of Appeals Clerk and Justices." (ECF No. 46, at 2).

As discussed above, all but one of Plaintiff's claims have been dismissed by the Court for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's latest motion to amend her complaint once again seeks to reassert all those claims, but that request is rejected. And as Plaintiff has repeatedly

refused to comply with the Court's orders, her one remaining claim will be dismissed without prejudice under Federal Rule of Civil Procedure 41(b).

Regarding Section 1915(e)(2)(B)(ii), Magistrate Judge Bemporad previously recommended that all of Plaintiff's claims be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), with the exception of her § 1983 claim against the Bexar County Precinct 1 Constable with badge number 1114, the other county officers who allegedly assisted him or her, and Attorney Alex Perez for unlawful seizure of her property on May 30, 2025. (ECF No. 10, at 6). This Court overruled Plaintiff's objections and adopted the dismissal recommendation. (ECF No. 27). Dismissals for failure to state a claim are dismissals on the merits, and thus with prejudice. *See Taylor v. Morel*, No. 25-30465, 2026 WL 799507, at *1 (5th Cir. Mar. 23, 2026) (affirming dismissal of *pro se* 42 U.S.C. § 1983 case with prejudice for failure to state claim for relief). Accordingly, with the exception of the claim discussed below, all of Plaintiff's claims have already been dismissed with prejudice.

Plaintiff suggests that her latest proposed amendment, reurging all her claims, is justified by new allegations of fraud against the justices and clerk of the Fourth Court of Appeals, whom she purports to name as additional Defendants. (ECF No. 46, at 2). However, as Magistrate Judge Bemporad points out, the proposed amended complaint makes allegations solely relating to the court of appeals' actions in regard to Plaintiff's own filings. (ECF Nos. 46-1, at 46–47, 54, 57). As all of the new allegations appear to concern adjudicatory acts for which justices, and the clerk acting at their direction, the proposed new judicial Defendants would be entitled to absolute immunity from all of Plaintiff's claims against them. *See Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). And the new allegations do not support Plaintiff's previously-dismissed claims against any of the original Defendants. Accordingly, this Court declines to reconsider the dismissal of these claims under § 1915(e)(2)(B)(ii).

As to 41(b), this rule authorizes the district court to dismiss an action sua sponte for failure to prosecute or comply with court orders.  Fed. R. Civ. P. 41(b); *see also Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962).

In this case, despite numerous opportunities and deadline extensions, Plaintiff has not filed an amended complaint that complies with the Court's orders.  "Such defiance warrants dismissal without prejudice."  (ECF No. 49, at 6) (citing *Scott v. Experian Info. Sols., Inc.*, No. 4:26-cv-155-P-BP, 2026 WL 1096576 (N.D. Tex. Apr. 6, 2026) (recommending dismissal without prejudice for *pro se* plaintiff's repeated failures to comply with court orders to amend complaint), *report and recommendation adopted*, 2026 WL 1094053 (Apr. 22, 2026).

It is true that the standard for dismissal under Rule 41(b) is more exacting when "dismissal is without prejudice but the applicable statute of limitations probably bars future litigation." *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).  Such *de facto* dismissals with prejudice are appropriate "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Savage v. LaSalle Mgmt. Co.*, 169 F.4th 553, 557 (5th Cir. 2026).  Although Plaintiff disagrees, her "record of contumacious conduct–and the Court's inability to cajole her into an appropriate response–might well justify dismissal with prejudice."  (ECF No. 49, at 7  But the Court need not address this issue, because the only viable claim Plaintiff could present is a § 1983 claim which accrued on May 30, 2025, less than two years ago.  (*See* ECF No. 9, at 9.)  In § 1983 actions, the Supreme Court has directed federal courts to apply the forum state's limitations period for personal-injury suits. *Owens*

*v. Okure*, 488 U.S. 235, 249–50 (1989).  And in Texas, that period is two years.  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).  Accordingly, the Court need not address whether dismissal with prejudice is authorized for Plaintiff's remaining claim, and will simply dismiss it without prejudice as this time.

For the foregoing reasons and those discussed in the Report and Recommendation, this Court agrees with Judge Bemporad that Plaintiff's motion to amend her complaint (ECF No. 46) to renew claims which were previously dismissed by the Court (ECF No. 27) should be denied and Plaintiff's one remaining claim should be dismissed without prejudice under Rule 41(b) for repeated failures to comply with the Court's orders.

IT IS THEREFORE ORDERED that the Report and Recommendation of the United States Magistrate Judge (ECF No. 49) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's motion to amend her complaint (ECF No. 46) to renew claims which were previously dismissed by the Court (ECF No. 27) is DENIED and Plaintiff's one remaining claim– a 42 U.S.C. § 1983 claim based on property seizures against the Constable with badge number 1114, his deputies, and attorney Alex Perez–is DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for Plaintiff's repeated failures to comply with the Court's orders.

IT IS FINALLY ORDERED that remaining motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 9th day of June, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE